FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 23 2011

GREGORY C. LANGHAM
                    CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01927-BNB

JOHNATHAN W. MOSIER,

    Plaintiff,

v.

TOM CLEMENTS, Exec. Dir.,
JOANIE SHOEMAKER, CDOC Medical,
NURSE MARK RUDNICK, and
NURSE III JEANI BINI,

    Defendants.

---

### ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Johnathan W. Mosier, is a prisoner in the custody of the Colorado Department of Corrections at the Centennial Correctional Facility in Cañon City, Colorado. Mr. Mosier has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. The court must construe the complaint liberally because Mr. Mosier is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Mosier will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The Court has reviewed the Prisoner Complaint and finds that the Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal

Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Mosier asserts three claims for relief that stem from an alleged denial of appropriate and timely medical treatment in October 2010. However, Mr. Mosier fails to provide a short and plain statement of each of his claims showing that he is entitled to relief because he fails to identify clearly which Defendant or Defendants he is asserting each of his claims against and he fails to allege specific facts that demonstrate how the named Defendants personally participated in the asserted claims. Mr. Mosier does refer to Defendants Rudnick and Bini in two of his three claims, but he makes no allegations against the other Defendants in any of the claims. Furthermore, the brief references to Defendants Rudnick and Bini do not provide a clear statement of the

claims Mr. Mosier is asserting against them. Therefore, Mr. Mosier will be ordered to file an amended complaint that provides a short and plain statement of each claim he is asserting if he wishes to pursue his claims in this action.

Mr. Mosier is advised that, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." ***Garrett v. Selby Connor Maddux & Janer***, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Mosier also is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." ***Conn v. Gabbert***, 526 U.S. 286, 290 (1999); see also ***Wyatt v. Cole***, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Mosier should name as Defendants in his amended complaint only those persons that he contends actually violated his federal constitutional rights.

Because Mr. Mosier has named supervisory officials as Defendants, the Court also emphasizes that personal participation is an essential allegation in a civil rights action. See ***Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish

personal participation, Mr. Mosier must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). With respect to the supervisory officials, a Defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199. Accordingly, it is

ORDERED that Mr. Mosier file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

4

FURTHER ORDERED that Mr. Mosier shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Mosier fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED at Denver, Colorado, this 23rd day of August, 2011.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01927-BNB

Johnathan W Mosier
Prisoner No. 128495
Centennial Correctional Facility
PO Box 600
Cañon City, CO 81215

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on August 23, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk